**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Gary Grant, Appellant.

Appellate Case No. 2007-067439

_____

Appeal From Berkeley County
Deadra L. Jefferson, Circuit Court Judge

_____

Unpublished Opinion No. 2012-UP-406
Submitted July 2, 2012 – Filed July 11, 2012

_____

**VACATED**

_____

Chief Appellate Defender Robert M. Dudek, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Solicitor Scarlett A. Wilson, of Charleston, for Respondent.

**PER CURIAM:** Counsel for Gary Grant filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appeal and requesting permission to withdraw from further representation. The Court denied the request to withdraw and directed the parties to file additional briefs addressing whether the circuit court erred in sentencing Grant for kidnapping Dexter Perry when section 16-3-910 of the South Carolina Code (2003) prohibits such a sentence if the defendant is also sentenced for the victim's murder.

After careful consideration of the record and briefs, Grant's sentence for kidnapping Perry is vacated[1] pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); S.C. Code Ann. § 16-3-910 (2003) (providing for imprisonment of a defendant convicted of kidnapping "for a period not to exceed thirty years unless sentenced for murder as provided in [s]ection 16-3-20"); *State v. Vick*, 384 S.C. 189, 202-03, 682 S.E.2d 275, 282 (Ct. App. 2009) (vacating a sentence for kidnapping pursuant to section 16-3-910 because the defendant received a concurrent sentence for murder and reaching the issue, even though not challenged at trial, in the interest of judicial economy).

**VACATED.**[2]

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Because the Court ordered the parties to brief only the issue of whether the circuit court erred in imposing a thirty-year sentence for kidnapping, we do not address Grant's convictions or other sentences.